UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD VINCENT RAY, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMILAH A. JEFFERSON, et al.,<br><br>    Defendants. | Case No. 16-cv-02652-YGR (PR)<br><br>**ORDER DENYING MOTION FOR RECUSAL** |

Plaintiff has filed a motion for recusal of the undersigned judge. Dkt. 3. Plaintiff claims that the undersigned judge "presided in a case involving the instant parties [in] a prior case." *Id.* at 1. Plaintiff adds that the undersigned judge is prejudiced towards him due to the following reasons: "due to the Honorable Judge being a former Alameda County Superior Court judge, that the judge has a conflict of interest because she was a former employee of the County of Alameda, also due to her more likely than not . . . know[ing] the Defendant, and that the Honorable Judge has a personal belief that favors the City of Oakland and/or its agents due to a working environment in that City." *Id.* at 3.

Title 28 U.S.C. § 144 provides for recusal where a party files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party. The affidavit must state the facts and reasons for such belief and, if the party is represented by counsel, must be accompanied by a certificate signed by counsel that it is signed in good faith. *See* 28 U.S.C. § 144. A judge finding the motion timely and the affidavits legally sufficient must proceed no further and another judge must be assigned to hear the matter. *See id.*; *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). If the judge finds the affidavits are not legally sufficient, recusal is simply denied. *See* 28 U.S.C. § 144; *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995) (affidavit inadequate when based on mere conclusory allegations). A party may file only one such affidavit in each case. *See* 28 U.S.C. § 144. A judge is not required to refer a motion to recuse to another

judge if the motion is neither timely nor legally sufficient. *See United States v. Scholl*, 166 F.3d 964, 977 (9th Cir. 1999).

Recusal is appropriate where a "reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (citation omitted). As a federal judge is presumed to be impartial, a substantial burden is imposed on the party claiming bias or prejudice to show that this is not the case. *See United States v. Zagari*, 419 F. Supp. 494, 506 n.30 (N.D. Cal. 1976).

Here, the Court finds Plaintiff's affidavit in support of the motion for recusal is not legally sufficient. Plaintiff first claims that prejudice stems from the undersigned judge's previous handling of his prior federal action, Case No. C 11-5550 YGR (PR).[1] However, the undersigned judge's adverse rulings are not an adequate basis for recusal. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999). Therefore, this is not a legally sufficient showing of bias. *See Scholl*, 166 F.3d at 977.

Another basis for Plaintiff's motion is that the undersigned judge, prior to becoming a federal judge, was a judge of the California Superior Court of Alameda County. Dkt. 3 at 3. Plaintiff contends that this warrants recusal because he claims that the undersigned judge "more likely than not" knows Defendants in this action (who are attorneys at the Oakland City Attorney's Office) and has a "personal belief that favors the City of Oakland." *Id.* However, Petitioner's allegations are purely speculative. The simple fact that the undersigned judge was a former Alameda County Superior Court judge and a former employee of the County of Alameda does not raise any reasonable question of impartiality. *Cf. Scholl*, 166 F.3d at 977 (no disqualification where judge had worked in different section of prosecutor's office that was prosecuting defendant).

Accordingly, Plaintiff's motion for recusal is DENIED. Dkt. 3.

---

[1] Summary judgment was granted in favor of Defendants in that prior action, and judgment was entered on March 31, 2015. Dkts. 57, 58 in Case No. C 11-5550 YGR (PR). On January 28, 2016, the Ninth Circuit Court of Appeals affirmed this Court's aforementioned ruling. Dkt. 66 in Case No. C 11-5550 YGR (PR). On April 26, 2016, the Ninth Circuit denied Petitioner's petition for panel rehearing. Dkt. 69 in Case No. C 11-5550 YGR (PR). The mandate issued on May 6, 2016. Dkt. 70 in Case No. C 11-5550 YGR (PR).

This Order terminates Docket No. 3.

IT IS SO ORDERED.

Dated: September 7, 2016

_____
YVONNE GONZALEZ ROGERS
United States District Judge