UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDWARD VINCENT RAY,

    Plaintiff,

v.

JAMILAH A. JEFFERSON, et al.,

    Defendants.

Case No. 16-cv-02652-YGR (PR)

**ORDER OF DISMISSAL**

## I. INTRODUCTION

Plaintiff filed this *pro se* civil rights complaint under 42 U.S.C. § 1983 against the following Defendants: Deputy City Attorney Jamilah A. Jefferson and Special Counsel Otis McGee, Jr. from the Oakland City Attorney's Office, and the City of Oakland. Dkt. 1. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Dkt. 5.

Plaintiff appears to be making allegations against Defendants based on their handling of his prior civil rights action, Case No. C 11-05550 YGR (PR), and their representation of the Defendants in that action.[1] Specifically, Plaintiff claims that Defendant Jefferson "made a fraudulent motion for summary judgment," and that Defendant McGee was "fully aware and participated in the acts of his subordinate, [Defendant] Jefferson." *Id.* at 3-10. Plaintiff also sues the City of Oakland for its "failure to supervise and failure to train" Defendant Jefferson. *Id.* at 11. Plaintiff seeks monetary damages.

Plaintiff had filed a motion for recusal of the undersigned judge, which the Court denied. Dkt. 6. Plaintiff appealed the denial to the Ninth Circuit Court of Appeals. Dkt. 7. Thereafter, the Ninth Circuit dismissed the appeal for lack of jurisdiction "because the order challenged in the appeal [was] not final or appealable." Dkt. 9 at 1 (citing 28 U.S.C. § 1291; *United States v.*

---

[1] Summary judgment was granted in favor of the defendants in Plaintiff's prior action, and judgment was entered on March 31, 2015. Dkts. 57, 58 in Case No. C 11-5550 YGR (PR). On January 28, 2016, the Ninth Circuit affirmed this Court's aforementioned ruling. Dkt. 66 in Case No. C 11-5550 YGR (PR). On April 26, 2016, the Ninth Circuit denied Petitioner's petition for panel rehearing. Dkt. 69 in Case No. C 11-5550 YGR (PR). The mandate issued on May 6, 2016. Dkt. 70 in Case No. C 11-5550 YGR (PR).

*Washington*, 573 F.2d 1121, 1122 (9th Cir. 1978) (order denying motion to disqualify judge is not final or appealable)). On February 9, 2017, the Ninth Circuit issued its mandate. Dkt. 13.

## II. DISCUSSION

### A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1), (2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988).

*Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

### B. Plaintiff's Claims

#### 1. Claim Against Defendant Jefferson

In the complaint, Plaintiff claims that Defendant Jefferson, the Deputy City Attorney who was counsel to the defendants in Plaintiff's previous action Case No. C 11-5550 YGR (PR), violated his constitutional rights by filing a "fraudulent motion for summary judgment." Dkt. 1 at 3-6. Plaintiff seeks punitive damages. *Id.* at 18.

The Court finds that Defendant Jefferson is absolutely immune from suit for acts or omissions taken in any handling of Case No. C 11-5550 YGR (PR). *See Fry v. Melaragno*, 939 F.2d 832, 836-37 (9th Cir. 1991)); *Flood v. Harrington*, 532 F. 2d 1248, 1251 (9th Cir. 1976). Whether the government attorney is representing the plaintiff or the defendant, or is conducting a civil trial, criminal prosecution or an agency hearing, absolute immunity is necessary to assure that they can perform their respective functions without harassment or intimidation. *See Fry*, 939 F.2d at 837. The "reasons supporting the doctrine of absolute immunity apply with equal force regardless of the nature of the underlying action." *Id.* (citing *Flood*, 532 F.2d at 1251). The

2

touchstone of this immunity is whether the attorney's actions are "intimately" or "closely" associated with the judicial process. *Id.* If the government attorney is performing acts "intimately associated with the judicial phase" of the litigation, that attorney is entitled to absolute immunity from damage liability. *Id.* There can be no doubt that Defendant Jefferson was performing an act that was "intimately associated with the judicial process" when filing a motion for summary judgment. *Id.* In addition, any allegation that such a motion was "fraudulent" is unfounded because, as mentioned above, the Ninth Circuit affirmed this Court's decision granting the aforementioned motion in his prior action. *See* Dkt. 66 in Case No. C 11-5550 YGR (PR). Therefore, Plaintiff's claims against Defendant Jefferson are DISMISSED because this Defendant is entitled to absolute immunity.

### 2. Claim Against Defendant McGee and the City of Oakland

Plaintiff also names Defendant McGee and the City of Oakland, whom he apparently sues in their supervisory capacity. Plaintiff does not allege facts demonstrating that these Defendants violated his federal rights, but seems to claim they are liable based on the conduct of their subordinate, Defendant Jefferson. There is, however, no respondeat superior liability under § 1983 solely because a defendant is responsible for the actions or omissions of another. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* A supervisor may also be held liable if he or she implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

Here, Plaintiff fails to allege that Defendant McGee and the City of Oakland participated in or directed any violations, or implemented any deficient policy. *See id.* Furthermore, as explained above, the Court has found that their subordinate, Defendant Jefferson, is entitled to absolute immunity. Plaintiff's claims against Defendant McGee and the City of Oakland are therefore DISMISSED.

### III. CONCLUSION

For the reasons set out above, the Court orders as follows:

1. Plaintiff's complaint is DISMISSED because the allegations fail to state: (1) a cognizable claim for relief against Defendant Jefferson, who is absolutely immune from suit; and (2) cognizable supervisory liability claims against Defendant McGee and the City of Oakland.

2. The Clerk of the Court shall terminate as moot all pending motions and close the file.

IT IS SO ORDERED.

Dated: April 27, 2017

_____
YVONNE GONZALEZ ROGERS
United States District Judge